# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISOME JOHNSON, | |
| Petitioner, | NO. 3:16-CV-0182 |
| v. | (JUDGE CAPUTO) |
| WARDEN ODDO, | |
| Respondent. | |

## MEMORANDUM

Presently before me is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by Isome Johnson ("Mr. Johnson"). Mr. Johnson is a federal prisoner confined at the United States Penitentiary at Allenwood, in White Deer, Pennsylvania. Mr. Johnson alleges that the Bureau of Prisons ("BOP") erred in denying his request to designate a state prison as a place of federal confinement *nunc pro tunc*. For the reason that follow, the petition will be denied.

## I. Background

Mr. Johnson was arrested by authorities in Newark, New Jersey on March 25, 2008 for possession of marijuana and hashish. (*See* Doc. 6-1, ¶ 4). Mr. Johnson was released on bond two days later, and those charges were eventually dismissed. (*See id*.).

On or about June 4, 2008, Mr. Johnson was arrested in Essex County, New Jersey for controlled substances violations. (*See id*. at ¶ 5). Mr. Johnson posted bond and was released on June 10, 2008. (*See id*.). Mr. Johnson's bond was revoked on June 24, 2008 and he was returned to New Jersey state authorities. (*See id*.).

Mr. Johnson was released to the U.S. Marshals Service pursuant to a federal writ on July 29, 2008. (*See id*. at ¶ 6). Mr. Johnson appeared in federal court on several occasions prior to sentencing, and after each appearance, he was returned to Essex County. (*See id*.).

On June 29, 2009, Mr. Johnson was sentenced in the United States District Court for the District of New Jersey to a 165 month term of imprisonment for Knowingly and Intentionally Distributing, and Possessing with Intent to Distribute Cocaine Base. (*See id*. at ¶ 8). The Judgment was silent regarding its relationship to any state sentence. (*See id*.). As New Jersey retained primary jurisdiction over Mr. Johnson, he was returned to state custody. (*See id*.).

Mr. Johnson was sentenced on July 6, 2009 in the New Jersey Superior Court of Essex County to 4 years for Possession with Intent to Distribute within 1000 Feet of School Property on Counts 4 and 8 in state case number 08-03-681-I, and Conspiracy on Count I in state case number 08-11-3367-I. (*See id*. at ¶ 7). The Superior Court ordered that the sentence be served concurrently on each count and concurrently to the federal sentence for a total term of four years. (*See id*.). Mr. Johnson received credit for 399 days spent in state custody. (*See id*.). The state sentencing judge also ordered that Mr. Johnson be released to federal custody for service of his sentence, but federal authorities did not accept him. (*See id*.). Mr. Johnson was therefore returned to the Essex County Jail to complete his sentence. (*See id*.).

Mr. Johnson was released on parole from the New Jersey Department of Corrections to the United States Marshals for service of his federal sentence on January 4, 2010. (*See id*. at ¶ 9).

BOP officials computed Mr. Johnson's 165 month sentence as commencing on January 4, 2010, the date his New Jersey sentence was completed. (*See id*. at ¶ 10). Mr. Johnson received custody credit for: (1) his arrest on March 25, 2008 until his release on bond on March 27, 2008; and (2) June 10, 2008, the date of his bond from Essex County because the New Jersey Department of Corrections did not apply this date to his state sentence. (*See id*.). Mr. Johnson's projected satisfaction date is December 22, 2021. (*See id*.).

Mr. Johnson challenged the BOP's prior custody credit determination through

the Administrative Remedy process, arguing that he should have received credit for the time he spent in state custody pursuant to a federal detainer, *i.e.*, July 29, 2008 through January 4, 2010. (*See* Doc. 1-1, Ex. "A"). That request was denied. (*See id.*).

On December 14, 2010, the BOP sent a letter to the federal sentencing court seeking the court's position on Mr. Johnson's request for credit towards his federal sentence for the time he spent in state custody. (*See* Doc. 6-1, Ex. "13"). The BOP explained that pursuant to *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990), because Mr. Johnson was under the primary jurisdiction of the state of New Jersey, the BOP considered Mr. Johnson's request as one for retroactive designation of the state institution for service of the federal sentence. (*See id.*). In deciding whether to make such a retroactive designation, the BOP considers the factors enumerated in 18 U.S.C. § 3621(b). (*See id.*). The BOP further noted its preference that the sentencing court be given an opportunity to state its position with respect to retroactive designation. (*See id.*). Thus, the BOP indicated that if no response was received from the sentencing court within sixty days, the BOP would complete its review and make a decision regarding Mr. Johnson's request. (*See id.*).

The BOP did not receive a response from the federal sentencing court. (*See id.* at Ex. "14").

On February 25, 2011, the BOP conducted a review under § 3621(b) to determine whether Mr. Johnson was appropriate for retroactive designation. (*See id.*). The BOP determined that three factors weighed against Mr. Johnson's request: (1) the nature and circumstances of the offense; (2) his criminal history; and (3) the lack of response from the federal sentencing court. (*See id.*).

Mr. Johnson filed the instant habeas petition pursuant to 28 U.S.C. § 2241 on February 2, 2016. (*See* Doc. 1, *generally*). Therein, Mr. Johnson requests "to receive full credit for time spent in state custody towards [his] federal sentence." (*See id.* at ¶ 15).

In response, Respondent argues that Mr. Johnson's sentence was properly

calculated and the BOP properly denied Mr. Johnson's request for *nunc pro tunc* designation of the state facility for service of his federal sentence. (*See* Doc. 6, *generally*).

## II. Legal Standard

Title 28, United States Code § 2241, vests federal district courts with jurisdiction to grant a writ of habeas corpus to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005). Review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). Section 2241 is the appropriate vehicle to challenge the BOP's calculation of a prisoner's sentence. *See Eiland v. Warden Fort Dix FCI*, 634 F. App'x 87, 89 (3d Cir. 2015).

## III. Discussion

District courts do not have authority to credit time towards a sentence under 18 U.S.C. § 3585(b); that authority rests with the Attorney General. *Blood v. Bledsoe*, 648 F.3d 203, 206 (3d Cir. 2011). The Attorney General, through the BOP, is responsible for administering a federal inmate's sentence and computing the credit to be awarded for time spent in official detention prior to the commencement of the sentence. *United States v. Wilson*, 503 U.S. 329, 333-35, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992) (interpreting 18 U.S.C. § 3585(b)). The BOP's decision is subject to judicial review under 28 U.S.C. § 2241. *See Burkey v. Marberry*, 556 F.3d 142, 146 (3d Cir. 2009). The two major factors in a federal sentencing calculation are: (1) when the federal sentence begins; and (2) the time to be credited for custody prior to commencement of the sentence. *Chambers v. Holland*, 920 F. Supp. 618, 621 (M.D. Pa. 1996), *aff'd*, 100 F.3d 946 (3d Cir. 1996).

### A. Commencement.

A federal sentence commences "on the date that the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). It is, therefore, clear that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody. . . ." 18 U.S.C. § 3585(a).

In determining the commencement date of a federal sentence under 18 U.S.C. § 3585(a), the court must first address whether the defendant was in primary federal or primary non-federal custody at the time the federal sentence was imposed. If the defendant was in primary federal custody, the federal sentence will commence upon imposition. *See* 18 U.S.C. § 3585(a). However, if the defendant was in primary non-federal custody at the time the sentence was imposed, the BOP must determine whether the federal sentencing court expressly indicated its intent as to whether the federal sentence should run concurrently to or consecutively with the non-federal sentence. *See* 18 U.S.C. § 3584(a) (authorizing a federal sentencing court to impose a sentence that runs concurrent to a state sentence). Pursuant to 18 U.S.C. § 3584(a), "[m]ultiple terms of imprisonment imposed at different times run consecutively *unless the court orders* that the terms are to run concurrently." 18 U.S.C. § 3584(a) (emphasis added); *see also Setser v. United States*, 566 U.S. 231, 236, 132 S. Ct. 1463, 182 L. Ed. 2d 455 (2013) (§ 3584(a) authorizes federal sentencing courts to direct sentences to run concurrently or consecutively with other sentences, whether such sentences are imposed or have yet to be imposed).

It is also well established that a federal sentence does not begin to run when a defendant is taken into federal custody pursuant to a writ of habeas corpus *ad prosequendum*, *see Ruggiano v. Reish*, 307 F.3d 121, 126 (3d Cir. 2002), because the state remains the primary custodian in those circumstances. *See Bowman v. Wilson*, 672 F.2d 1145, 1153-54 (3d Cir. 1982). Thus, a federal sentence may not commence until the non-federal custodian relinquishes the prisoner upon satisfaction of the

prisoner's state obligation. *See Rios v. Wiley*, 201 F.3d 257, 274 (3d Cir. 2000), *superceded on other grounds as stated in United States v. Saintville*, 218 F.3d 246, 248-49 (3d Cir. 2000).

Here, Mr. Johnson was in the primary custody of the state of New Jersey when his federal sentence was imposed. The fact that he was "borrowed" on writ from New Jersey authorities does not alter this fact. *See Ruggiano*, 307 F.3d at 126. Additionally, because the federal sentencing court did not direct that his federal sentence was to run concurrent to any state sentence, his federal sentence is deemed to run consecutive to his state sentences. *See* 18 U.S.C. § 3584. Therefore, the BOP correctly determined that Mr. Johnson's sentence began when he completed his state sentence and was paroled into federal custody on January 4, 2010.

**B.     Prior Custody Credit.**

The second inquiry to be made in computing Mr. Johnson's federal sentence is to determine the amount of jail credit, if any, he is entitled to receive for time spent in custody prior to the commencement of his federal sentence. It is the BOP, and not the sentencing judge, that determines if jail credits should be granted toward a federal sentence. *See Mehta v. Wigen*, 597 F. App'x 676, 679 (3d Cir. 2015) (citing *Wilson*, 503 U.S. at 334, 112 S. Ct. 1351).

Credit for time spent in custody prior to the commencement of a federal sentence is controlled by 18 U.S.C. § 3585(b). This section provides the following:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

*Id*. "Congress made clear that a defendant could not receive double credit for his

detention time." *Wilson*, 503 U.S. at 337, 112 S. Ct. 13514. Thus, pursuant to § 3585(b), the BOP cannot award prior custody credit if the prisoner has already received credit for that time toward another sentence. *See United States v. Vega*, 493 F.3d 310, 314 (3d Cir. 2007); *Chambers*, 920 F. Supp. at 623 ("Section 3585 does not permit credit on a federal sentence for time served and credited against another sentence.")

As previously noted, Mr. Johnson's federal sentence commenced on the date he was received into federal custody, January 4, 2010. He could not receive prior custody credit for any time that was credited toward his state sentence. *See* 18 U.S.C. § 3585(b). Upon his receipt into custody by the BOP, it was determined that Mr. Johnson had not received jail credit for the following days toward his state sentences: (1) March 25, 2008 through March 27, 2008; and (2) June 10, 2008. Thus, the BOP awarded him credit for these periods.

**C.** *Nunc Pro Tunc* **Designation.**

In order to receive credit towards his federal sentence for time spent in state custody, Mr. Johnson sought *nunc pro tunc* designation of the state facilities as the place of confinement for his federal sentence. The BOP denied this request after considering it under 18 U.S.C. § 3621(b) and *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990). That decision is reviewed to determine "whether the BOP, in weighing the factors, acted arbitrarily, capriciously, or contrary to the law . . . ." *Galloway v. Warden of F.C.I. Ft. Dix*, 385 F. App'x 59, 64 (3d Cir. 2010).

As stated, the BOP denied Mr. Johnson's request based on his criminal history, the nature and circumstances of his offenses, and the federal sentencing court's silence on the *nunc pro tunc* designation request. Based on the record before me, there is nothing to suggest that the BOP acted arbitrarily or capriciously in denying credit under *Barden*. Furthermore, Mr. Johnson's "contention that the BOP must give effect to the state judge's concurrency order . . . is a meritless legal theory." *Galloway*, 385 F. App'x at 65. Indeed, "the BOP is not bound in any way by a state court's direction

that the state and federal sentences run concurrently." *Id*.; *see also Harris v. Zickefoose*, 511 F. App'x 135, 137-38 (3d Cir. 2013) ("neither the federal courts nor the BOP are bound in any way by the state court's direction that the state and federal sentences run concurrently."). The BOP properly considered the pertinent factors under § 3621(b) in determining that Mr. Johnson was not entitled to *nunc pro tunc* designation, so the petition will be denied. *See*, *e.g.*, *United States v. Fortt*, 608 F. App'x 88, 90 (3d Cir. 2015) ("The record reflects that the BOP did review Fortt's request under the five factors stated in § 3621(b), and denied his request based on his history and characteristics, and the lack of a recommendation from the federal sentencing court. . . . Accordingly, the BOP did not abuse its discretion under § 3621(b) by denying Fortt's *nunc pro tunc* request."); *Harris*, 511 F. App'x at 138.

### IV. Conclusion

For the above stated reasons, Mr. Johnson's petition pursuant to 28 U.S.C. § 2241 will be denied.

An appropriate order follows.

February 20, 2019  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge